IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DERRICK VINSON )<br>)<br>)<br>PLAINTIFF, )<br>)<br>V. )<br>)<br>RICOH AMERICAS CORP. )<br>)<br>DEFENDANT. ) | No. _____ |

## COMPLAINT

Comes the Plaintiff, Derrick Vinson, and brings this cause of action against Defendant, Ricoh Americas Corp., for employment discrimination in violation of the Tennessee Human Rights Act (Tennessee Codes Annotated §4-21-10 et seq.) and 42 U.S.C. § 1981 as follows:

## PARTIES

1. Plaintiff, Derrick Vinson, hereinafter referred to as "Plaintiff", is a citizen and resident of Davidson County, Tennessee.

2. Defendant, Ricoh Americas, Corp., hereinafter referred to as "Defendant", is a for profit foreign corporation, incorporated in Delaware, and doing business in Tennessee, whose agent for service of process is C T Corporation System located at 800 S. Gay St., Suite 2021, Knoxville, TN 37929.

3. Defendant is an "employer" as defined by the Tennessee Human Rights Act and employed the Plaintiff at its facility located at 830 Crescent Centre, Franklin, TN 37067.

1

## JURISDICTION AND VENUE

4. The conduct complained of herein occurred in Williamson County, Tennessee, and venue would therefore be proper in the Middle District of Tennessee.

5. This court has jurisdiction for the Tennessee Human Rights Act claim, due to the diversity of citizenship of the parties; the amount in controversy in greater than $75,000 pursuant to 28 U.S.C. § 1332, This Court also has jurisdiction due questions arising out of federal law namely the reliance on Federal Statute 42 U.S.C. § 1981.

6. This lawsuit is being filed within one year of the complained of conduct.

## FACTS AND REQUESTED RELIEF

7. Plaintiff had been working for Defendant at its facility in Franklin, TN, from January of 2013 until he was wrongfully terminated on July 22, 2015.

8. Plaintiff is African-American and began to face racial discrimination at work in September of 2014 by his manager Sean Kingsmill.

9. Kingsmill at all times relevant to this Complaint was the Commercial Sales Manager at the Defendant's location in Franklin, TN.

10. Kingsmill discriminated against Plaintiff by treating him differently than white employees.

11. In October of 2014, Kingsmill removed large accounts from Plaintiff's account base including: RH Boyd, Keller Williams (Clarksville), and Phydata (Goodlettsville). These accounts represented substantial sales opportunities for Plaintiff.

2

12. In October of 2014, Kingsmill and David Johnson went to visit Phydata and did not include Plaintiff, with Sean Kingsmill stating, "I don't think your kind will do well selling to them."

13. Plaintiff asked Kingsmill what he meant by "your kind", and Kingsmill replied, "black reps don't do well selling to large accounts."

14. In October of 2014, Plaintiff reported the behavior of Kingsmill to Annitra Dixon, the Human Resources representative, who stated that she would investigate the compliant.

15. The accounts were placed back in Plaintiff's account base but Kingsmill's discriminatory actions continued.

16. In January of 2015, after Phydata was put back into Plaintiff's account, Kingsmill stated that he (Kingsmill) would deal directly with Phydata and directed Plaintiff was not to communicate with Phydata.

17. In July of 2015, Kingsmill promoted four (4) representatives and hired two (2) additional representatives for large/major account reps; all of whom were white.

18. Plaintiff, who had been previously and wanted to continue to work large/major accounts, asked Kingsmill what the criteria was for the promotions and Kingsmill said, "I choose reps based on my own criteria and I can't reveal why."

19. Plaintiff had equal or better qualifications than some and/or all of the white employees who were promoted to large/major accounts. Plaintiff's failure to be selected was due to his race, which is consistent with the prior statement of Kingsmill that "black reps don't do well selling to large accounts."

3

20. As of the time of Plaintiff's termination, Kingsmill had never hired or promoted any employee of a race other than Caucasian.

21. On or about July 21, 2015, Plaintiff was investigated for a "falsified document" regarding an internal job application on which Plaintiff failed to include Kingsmill's name as a manager on the application because he reasonably believed that Kingsmill would not recommend Plaintiff for the job he applied for due to his race.

22. Plaintiff was terminated from his employment with Defendant on or about July 22, 2015 due to the alleged falsification of document, despite his racially- based justification.

23. In July of 2015, Annitra Dixon, the Human Resources representative, advised that she would conduct an investigation into his discharge and the reason provided for this discharge. Thereafter, Plaintiff's termination was upheld by the defendant.

24. Plaintif's termination was based on retaliation for complaining about Kingsmill and/or Kingsmill's discrimination against Plaintiff because of his race, African American.

25. Plaintiff was embarrassed and humiliated by the defendants racial discrimination and wrongful termination and seeks all damages available for violation of the THRA and 42 U.S.C. § 1981, including but not limited to compensatory damages for embarrassment, humiliation, and any accompanying emotional injury, lost wages and benefits, past and future. Furthermore, plaintiff seeks punitive damages to deter and punish defendant's behavior.

4

## Count One

### Violation of the Tennessee Human Rights Act

26. Plaintiff adopts herein paragraph herein as if fully stated verbatim.

27. Defendant's racial discrimination, by race as described herein, violates the Tennessee Human Rights Act.

28. The defendant's retaliation of plaintiff due to his reporting racial discrimination based on race, violates the Tennessee Human Rights Act.

29. Plaintiff sues for all damages available for violation of the Tennessee Human Rights Act.

## Count Two

### Violation of 42 U.S.C. § 1981

30. Plaintiff adopts herein paragraph herein as if fully stated verbatim.

31. Defendant's racial discrimination as described herein, violates the 42 U.S.C. § 1981.

32. Defendant's retaliation of plaintiff due to his reporting racial discrimination based on race, violates the 42 U.S.C. § 1981.

33. Plaintiff sues for all damages available for violation of the 42 U.S.C. § 1981

## WHEREFORE PREMISES CONSIDERED PLAINTIFF PRAYS:

1. That process issue and Defendant be required to answer this complaint in the time provided by law.

2. That after the discovery process, this case be heard on its merits.

3. That Plaintiff be awarded compensatory damages in the amount of $300,000 for violation of the T.H.R.A. and/or 42 U.S.C. § 1981.

4. At Plaintiff be awarded lost wages and profits past and future in the amount of $1,000,000 for violation of the T.H.R.A. and/or 42 U.S.C. § 1981.

5. At Plaintiff be awarded punitive damages for a violation of 42 U.S.C. § 1981 in the amount of $1,000,000 for violation of the T.H.R.A. and/or 42 U.S.C. § 1981.

4. That Plaintiff be awarded reasonable attorney's fees, discretionary costs, and court costs.

5. For all general and equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

*[signature]*

Stephen Crofford #12039
Mary A.9 Parker #6016
PARKER AND CROFFORD
1230 2nd Ave. S.
Nashville, TN 37210
615-244-2445 phone
615-255-6037 fax
mparker@parker-crofford.com
stephencrofford@msn.com

ATTORNEYS FOR PLAINTIFF